IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETHY HORN,

    Plaintiff,

v.                                                          No. 15-cv-0329 SMV/CG

MESA WELL SERVICING, L.P.,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [Doc. 50], filed February 29, 2016. Plaintiff responded on March 15, 2016. [Doc. 57].[1] Defendant replied on March 29, 2016. [Doc. 64]. Oral argument was held on May 31, 2016. [Doc. 78]. Having considered the briefs, oral argument, record, and relevant law, and being otherwise fully advised in the premises, the Court finds that Defendant's Motion for Summary Judgment [Doc. 50] is not well-taken and will be denied.

**Background**

Plaintiff is an African-American male who worked for Defendant from either April or May 2013 to December 2013. *Compare* [Doc. 50] at 2, *with* [Doc. 50-4] at 2. On April 22, 2015, Plaintiff filed this lawsuit alleging hostile work environment, racial discrimination, and retaliation under 42 U.S.C. § 1981. [Doc. 1]. According to Plaintiff, his co-workers and supervisors harassed him with racial slurs and comments "on a daily basis" during the eight or

---

[1] In addition, Plaintiff filed two documents that he refers to as appendices/supplements to his response to the Motion. [Docs. 68, 69]. [Doc. 68] has since been marked as "filed in error." [Doc. 69] contains an additional declaration from one of Plaintiff's former co-workers. Because this filing was untimely, the Court will not consider it in ruling on the Motion.

nine months he worked for Defendant. *Id*. at 2–4. Plaintiff alleges that he was purposely left behind at work sites. *Id*. at 3. He further alleges that he complained about the way he was being treated, but that his complaints were ignored. *Id*. at 4. Finally, he alleges that an operator injured Plaintiff by hitting him with a piece of equipment, causing him to miss three days of work, and that this absence led to his termination "without good cause." *Id*. at 3–4. According to Defendant, Plaintiff voluntarily resigned. [Doc. 9] at 3. Neither party has submitted materials that clarify the circumstances leading up to Plaintiff's departure.

Defendant filed a Motion for Summary Judgment ("Motion") on February 29, 2016. [Doc. 50]. The Motion is based entirely on Plaintiff's deposition testimony in an earlier lawsuit ("the Bull Rogers lawsuit"). *See Horn v. Bull Rogers, Inc.*, No. 13-cv-0177 KG/GBW (D.N.M. filed Feb. 22, 2013). In 2013, Plaintiff sued his then-employer Bull Rogers, alleging racial harassment and constructive discharge. [Doc. 50-2] at 7–8.

By the time Plaintiff was deposed in the Bull Rogers lawsuit in November 2013, he had been working for Defendant for some months. Exh. 1 at 14. In his deposition, Plaintiff discussed the racial harassment and treatment he experienced at Bull Rogers and other previous employers. *See generally* Exh. 1. In support of its Motion, Defendant points to two portions of the Bull Rogers deposition that, in Defendant's view, show that Plaintiff cannot prove a prima facie case in this lawsuit. The first occurred toward the beginning of the deposition, as Bull Rogers' attorney was going over Plaintiff's former and current places of employment:

> Q: And what do you do for Mesa Well Service?
>
> A: I'm a floorhand.
>
> Q: Is that on a drilling rig?

2

> A: Drilling rig. Pulling unit.
>
> Q: For Mesa Well Service, do you experience the same kind of harassment as at [your former places of employment, including Bull Rogers]?
>
> A: No, sir.

*Id.* at 14. When this exchange occurred, Plaintiff had not yet testified about his treatment at Bull Rogers, but had mentioned that he had left an earlier job because of racial harassment. *See* Exh. 1 at 3–14.

The second portion of the Bull Rogers deposition that Defendant points to in support of its Motion came after Plaintiff had begun to describe the treatment he experienced at Bull Rogers:

> Q: You would never use the kind of language that [your co-workers at Bull Rogers] used, would you?
>
> A: No sir, I wouldn't.
>
> Q: Okay. Do you know, do the people around you use that kind of language?
>
> A: The people - - my coworkers?
>
> Q: Your coworkers.
>
> A: Yes, sir. They use that kind of language.
>
> Q: Do they at Mesa?
>
> A: No. You talking about at Mesa or - - you talking about at Mesa, right?
>
> Q: Yes, sir.
>
> A: No, sir. They do not use those kind of words at Mesa.

*Id*. at 34.  When this exchange occurred, Plaintiff had testified that his co-workers at Bull Rogers called him a "nigger" and harassed him with racially derogatory statements.  *See id*. at 3–34.  Counsel for Bull Rogers had not yet gone through the specific allegations in Plaintiff's complaint.  *See id*. at 35 (defense counsel begins to go through the "individual accounts that [Plaintiff] has made").

In his deposition in this case, Plaintiff testified that he was harassed and referred to by racial slurs (including "nigger") while working for Defendant.  *See generally* [Doc. 46-4] at 1–12 (portions of Plaintiff's deposition in this case taken on December 14, 2015).

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" regarding that issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material only if it "might affect the outcome of the suit under the governing law."  *Id*.

When a party moves for summary judgment, it bears the initial burden of showing what parts of the record demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  Once the movant meets this burden, Rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial.  *Celotex Corp.*, 477 U.S. at 324; *Liberty Lobby*, 477 U.S. at 256.  It is not enough for the party opposing a properly supported motion for summary judgment to "rest upon mere allegation or denials of his pleadings . . . ."  *Liberty Lobby*, 477 U.S. at 256.  Nor can a party avoid summary

judgment by repeating conclusory allegations, opinions unsupported by specific facts, or speculation. *MacKenzie v. Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249 (citations omitted).

When reviewing a motion for summary judgment, courts should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *See id*. Second, the court must resolve all reasonable inferences and doubts in favor of the nonmoving party and construe all evidence in the light most favorable to the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999); *Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Third, the court cannot decide any issues of credibility. *Liberty Lobby*, 477 U.S. at 255.

### Plaintiff's Claims

Plaintiff alleges three causes of action in his complaint: hostile work environment, discrimination, and retaliation. [Doc. 1]. While these claims are related, each has a distinct set of elements that a plaintiff must prove to establish a prima facie case.

"To establish a prima facie case of hostile work environment harassment, a plaintiff must show that under the totality of circumstances (i) the harassment was pervasive or severe enough

to alter the terms, conditions, or privilege of employment, and (ii) the harassment was racial or stemmed from racial animus." *Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1098 (D.N.M. 2011) (internal quotation marks and brackets omitted). "To establish a prima-facie case of discrimination, a plaintiff must demonstrate that: (i) she is a member of a protected class; (ii) she suffered an adverse-employment action, and (iii) similarly situated employees were treated differently." *Id.* at 1099. Finally, to establish a prima facie case of retaliation, a plaintiff must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged [employment] action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Walton v. New Mexico State Land Off.*, 113 F. Supp. 3d 1178, 1190 (D.N.M. 2015) (internal citations and brackets omitted).

### Analysis

Defendant argues that Plaintiff's deposition testimony in the Bull Rogers lawsuit renders him unable to make a prima facie case on his claims for hostile work environment, discrimination, and retaliation in this lawsuit. According to Defendant, Plaintiff's old deposition testimony in an unrelated case means that he cannot "prove the heart of his case—that he was subjected to racial discrimination at Mesa." [Doc. 50] at 2.

**Defendant has failed to show that there is an absence of
a genuine dispute as to any material fact in this lawsuit.**

Defendant argues that Plaintiff's testimony in the Bull Rogers deposition—that he did not experience the same kind of harassment while working for Defendant as he did while working elsewhere and that his co-workers and supervisors at Defendant did not use the same kind of words as they did elsewhere—renders him unable to make a prima facie case of his claims in this

6

lawsuit.  At first glance, it may appear that Plaintiff's Bull Rogers deposition is incompatible with his allegations and testimony in this case.  However, Defendant has not shown that the two are so plainly contradictory that Plaintiff is precluded from succeeding on his claims.  In other words, it is not at all clear that Plaintiff could only be telling the truth in either the Bull Rogers case or this case.  In fact, the Court can conceive of a number of situations where Plaintiff's testimony in both lawsuits could be truthful.

An analogy may be helpful.  Imagine that a plaintiff who is experiencing knee pain from a workplace injury goes to an orthopedist to discuss her pain.  She tells the orthopedist that her pain is an eight on a scale of one to ten.  Earlier that week, she visited her ophthalmologist, who asked her if she had any pain.  Plaintiff replied that she had none.  Plaintiff later sues her employer for the workplace knee injury.  The employer moves for summary judgment based on Plaintiff's seemingly inconsistent statements to her two doctors.  Would Plaintiff's employer be entitled to summary judgment because she did not tell her eye doctor about her knee pain?  Certainly not.

Likewise, Defendant is not entitled to summary judgment here based on apparently inconsistent (but not plainly contradictory) statements by Plaintiff in an unrelated lawsuit.  Defendant would certainly be entitled to use the deposition to attempt to impeach Plaintiff. That is, Defendant could ask Plaintiff what he meant when he said that he did not experience the same kind of harassment or hear the same kind of words while working for Defendant as he did at his previous places of employment.  However, the discrepancy between the Plaintiff's statements in the two depositions is not nearly clear enough to entitle Defendant to summary judgment.

Finally, even if the Court viewed Plaintiff's testimony in the Bull Rogers lawsuit as plainly contradictory of his allegations and testimony in this case, Defendant has cited no legal authority for its apparent position that the Court should (or must) accept the Bull Rogers testimony as true and ignore Plaintiff's testimony in this case.[2]

### Conclusion

In response to the Motion, Plaintiff submitted four exhibits containing statements from his former co-workers at Defendant. Because I find that Defendant's Motion, standing alone, fails to demonstrate an absence of a genuine issue of material fact, I need not consider those statements in making my ruling.

After considering the facts in the light most favorable to Plaintiff, I find that Defendant has failed to show that there is an absence of a genuine issue of material fact on Plaintiff's three claims and that summary judgment is not appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Summary Judgment [Doc. 50] is **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] It seems that Defendant has attempted to adapt the law concerning sham fact issues to fit with the facts in this lawsuit. In that situation, a court may disregard an affidavit submitted in opposition to a motion for summary judgment if it is inconsistent with the affiant's prior sworn testimony. *See Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.,* 577 F.3d 1164, 1169 (10th Cir. 2009) (discussing the multi-part test that the district court must apply before it can disregard an affidavit submitted in response to a motion for summary judgment).

For example, imagine that Plaintiff had testified in his deposition in *this* lawsuit that he had not been the subject of discrimination and harassment while working for Defendant. If Defendant had moved for summary judgment on the basis of that testimony, and Plaintiff had opposed the motion with an affidavit that contradicted his own testimony, Defendant's Motion would have had a better chance of success. *See id.* (noting that a district court can ignore a non-movant's affidavit in response to a motion for summary judgment if the court finds that the affidavit is an attempt to create a sham fact issue). Here, Plaintiff has not attempted to create an issue of fact with a sham affidavit.