## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**KENNETHY HORN,**

    **Plaintiff,**

v.                                                                                      **No. 15-cv-0329 SMV/CG**

**MESA WELL SERVICING, L.P.,**

    **Defendant.**

### ORDER RESULTING FROM PRETRIAL CONFERENCE

THIS MATTER is before the Court on matters heard at the pretrial conference on October 31, 2016.  The Court heard from counsel on the following matters:  exhibits, statement of the case, witness lists, designation of deposition testimony, proposed verdict form, proposed jury instructions, and proposed voir dire questions.  The Court also discussed at the pretrial conference the following matters:  jury selection, opening and closing statements, the trial schedule, interpreters, courtroom technology, and courtroom conduct.  Having reviewed the pertinent filings and relevant law, and being otherwise fully advised in the premises, the Court makes the following rulings:

    **Exhibits**

    **Stipulated Exhibits**

The parties filed a Consolidated Stipulated Exhibit List on October 19, 2016.  [Doc. 107].  The Court admits into evidence all exhibits in the Consolidated Stipulated Exhibit List:  Exhibits 1–12.

**Plaintiff's Contested Exhibit List**

Plaintiff filed his Contested Exhibit List on October 11, 2016. [Doc. 95]. Defendant filed Objections to Plaintiff's Contested Exhibit List on October 17, 2016. [Doc. 104]. Defendant's objections to Plaintiff's Exhibits 13–15 are SUSTAINED. The Court may reconsider admitting Exhibit 15, documents evidencing Mesa's net worth, if the trial reaches the point at which the jury is permitted to consider punitive damages. If circumstances change at trial and Plaintiff believes that an exhibit should be reconsidered for admission, counsel may bring it to the Court's attention—outside the presence of the jury—and the Court may revisit its ruling(s).

**Defendant's Contested Exhibit List**

Defendant filed its Contested Exhibit List on October 11, 2016. [Doc. 91]. Plaintiff filed Objections to Defendant's Exhibit List on October 17, 2016. [Doc. 101]. Plaintiff's objections to Defendant's Contested Exhibits A–H are SUSTAINED IN PART and OVERRULED IN PART. The Court sustains Plaintiff's objections to Exhibits D and G. If circumstances change at trial and Defendant believes that an exhibit should be reconsidered for admission, counsel may bring it to the Court's attention—outside the presence of the jury—and the Court may revisit its ruling(s). The Court overrules Plaintiff's objections to Exhibits E, F, and H. These exhibits are admitted into evidence. The Court reserves ruling on Exhibits A, B, and C. Exhibits A–C may be tendered through a witness at the appropriate time at trial, and the Court will rule on their admission at that time.

**Joint Statement of the Case**

The parties filed a Joint Statement of the Case on October 11, 2016. [Doc. 88]. The Court will read the Joint Statement of the Case aloud to the jury panel during jury selection.

**Witness Lists**

Defendant filed its Witness List on October 11, 2016. [Doc. 90]. Plaintiff filed Objections to Witness List on October 17, 2016. [Doc. 101]. Plaintiff's objections are OVERRULED. If counsel for Defendant becomes aware of updated phone numbers or addresses for any of Defendant's witnesses, counsel must provide the new contact information to Plaintiff's counsel as soon as possible.

**Designation of Deposition Testimony**

Plaintiff filed his Page and Line Designation of Witness Testimony by Deposition of Robert Brijalba on October 11, 2016. [Doc. 98]. Defendant filed its objections on October 17, 2016. [Doc. 102]. Defendant's objections to the designation of Mr. Brijalba's deposition testimony are SUSTAINED IN PART and OVERRULED IN PART. The Court sustains Defendant's objections as to the following lines from the deposition of Mr. Brijalba:

> Page 16, Lines 9–17;[1]
> Page 30, Line 19 to Page 31, Line 2;[2]
> Page 41, Lines 10–19;
> Page 42, Lines 1–8;
> Page 47, Line 25 to Page 48, Line 25;[3]
> Page 50, Line 19 to Page 51, Line 2;[4]
> Page 51, Lines 10–25;

---

[1] If the information contained in these lines becomes relevant based on testimony given at trial, the Court may allow the lines to come in. If it does so, the Court may also include Lines 18–22 of Page 16.
[2] At the pretrial conference, Plaintiff waived his designation of these lines.
[3] Plaintiff will be permitted to question Mr. Brijalba on this matter and may impeach Mr. Brijalba if he testifies differently at trial.
[4] Plaintiff will be permitted to question Mr. Brijalba on this matter at trial.

>Page 52, Lines 10–12; and
>Page 53, Lines 4–11.

The Court overrules Defendant's objections as to the following lines from the deposition of Mr. Brijalba:

>Page 32, Lines 1–4;
>Page 37, Line 1 to Page 39, Line 25; and
>Page 53, Line 16 to Page 54, Line 13.

### Proposed Verdict Form

Plaintiff filed his Proposed Contested Verdict Form on October 11, 2016. [Doc. 97]. Defendant objected on October 17, 2016. [Doc. 103]. Defendant filed its Special Interrogatories and Verdict Form on October 11, 2016. [Doc. 94]. Plaintiff objected on October 17, 2016. [Doc. 101]. The Court will take the parties' arguments under advisement.

### Proposed Jury Instructions

Plaintiff filed Contested Proposed Jury Instructions on October 11, 2016. [Doc. 100]. Defendant objected on October 17, 2016. [Doc. 105]. Defendant filed Proposed Jury Instructions on October 11, 2016. [Doc. 92]. Plaintiff objected on October 17, 2016. [Doc. 101]. The Court reserves ruling on the parties' objections. The Court will issue a proposed set of jury instructions during the week of November 7, 2016.

### Proposed Voir Dire Questions

Plaintiff filed Proposed Voir Dire Questions on October 11, 2016. [Doc. 96]. Defendant objected on October 17, 2016. [Doc. 106]. Defendant's objections are SUSTAINED IN PART and OVERRULED IN PART. The Court sustains Defendant's objections to Questions 21–22 as phrased. Plaintiff may question potential jurors on this subject but may not use the language of "deserve to be racially harassed" in so doing. The Court sustains Defendant's objection to

Question 23.  The Court provisionally sustains Defendant's objections to Questions 18–20.  The Court overrules Defendant's objections to Questions 3–6, 11, 13–15, and 17.

### Other Matters

#### Jury Selection and Voir Dire

On stipulation by the parties, the Court will empanel eight jurors.  Each side will have three peremptory challenges.  The Court will allow each side 45 minutes for voir dire.  Parties may not refer to exhibits not yet admitted into evidence.  If a party wishes to refer to exhibits that have already been admitted into evidence, counsel should request permission from the Court in advance.  Parties should not ask the jury to make any promises or commitments.

#### Opening and Closing Statements

Each side may have 30 minutes for opening statement.  Parties may not refer to exhibits not yet admitted into evidence.  If a party wishes to refer to exhibits that have already been admitted into evidence, counsel should request permission from the Court in advance.  Each side may have 30 minutes for closing argument.

#### Trial Schedule

The Court has set aside five days for trial.  The jury will be called in each day at 9:00 a.m.  Attorneys must be present and ready to proceed no later than 8:30 a.m.  Court will conclude at 5:00 p.m. each day, with a morning break from 10:30–10:45 a.m., lunch from 12:00–1:30 p.m., and an afternoon break from 3:00–3:15 p.m, subject to jury preferences.  If a party needs to address an issue with the Court before the jury is brought in, counsel should notify court staff prior to the start or resumption of proceedings.

Plaintiff has invoked the rule of exclusion. *See* Fed. R. Evid. 615. Witnesses must be stationed outside the courtroom and ready when called to testify. The Court will not delay proceedings to locate a witness. Witnesses will be called in the order listed on the witness lists. If a party needs to rearrange the order in which their witnesses will be called, counsel must coordinate in advance with opposing counsel. Same-day notifications will be insufficient. The parties should bring to the Court's attention ahead of time any issue regarding witness availability. If a party's witness does not appear as scheduled, that witness will be struck.

**Interpreters**

The parties are responsible for supplying their own federally certified court interpreter. Counsel may call Raphael Carillo at (575) 528-1459 to obtain a list of federally certified interpreters.

**Courtroom Technology**

If a party plans to use any courtroom technology, counsel must notify Information Services at (505) 348-2110 by November 30, 2016. Counsel must be prepared to ably operate any courtroom technology that he or she plans to utilize. Counsel must make arrangements to learn how to use the equipment prior to trial. Once the trial begins, the Court will not delay proceedings to allow counsel to figure out how to use the technology. Counsel must be prepared to proceed irrespective of whether the technology is working or not; the Court will not delay proceedings to resolve a technology issue.

**Courtroom Conduct by Counsel, Parties, and Witnesses**

Counsel may not make speaking objections; rather, counsel should simply state the basis for the objection. If further explanation is required, the Court will call counsel to the bench.

Counsel may not comment on the Court's evidentiary rulings, verbally or via their conduct or body language.  Counsel may not comment on opposing counsel's questioning or trial strategy.  Counsel may not address opposing counsel during trial.  To the extent possible, counsel should minimize bench conferences.

If counsel will be questioning a witness on exhibits, copies of the exhibits should be provided to opposing counsel.  Counsel may place an exhibit binder at the witness box for reference by the witness, so long as the binder includes only the exhibits already admitted.  Counsel need not stand directly behind the podium, but should be positioned near the microphone.  Counsel may not roam around the courtroom.  Counsel need not ask permission to approach a witness when handing the witness an exhibit.  However, counsel should not remain at the witness stand while questioning the witness.  Counsel may not approach the jury box.  Counsel must request permission from the Court before approaching the jury to publish an exhibit, if the need arises.  Counsel should look at the witness, rather than the jury, when questioning the witness.  Counsel should address all witnesses, including their clients, by last name.

Counsel are instructed not to "accidentally" introduce evidence that has been excluded.  Counsel must advise their witnesses not to bring up evidence that has been excluded.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections to Portions of Defendant's Special Interrogatories and Verdict Form, Exhibit List, Witness List and Contested Proposed Jury Instructions [Doc. 101] are **SUSTAINED IN PART** and **OVERRULED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's Objections to Plaintiff's Contested Exhibit List [Doc. 104] are **SUSTAINED.**

**IT IS FURTHER ORDERED** that Defendant's Objections to Plaintiff's Page and Line Designation of Witness Testimony by Deposition of Robert Brijalba [Doc. 102] are **SUSTAINED IN PART** and **OVERRULED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's Objections to Plaintiff's Proposed *Voir Dire* Questions [Doc. 106] are **SUSTAINED IN PART** and **OVERRULED IN PART.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**