IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETHY HORN,

      **Plaintiff,**

v.                                       **No. 15-cv-0329 SMV/CG**

MESA WELL SERVICING, LP,

      **Defendant.**

## PRETRIAL ORDER

THIS MATTER is before the Court pursuant to Fed. R. Civ. P. 16.

## I.  APPEARANCES

Attorneys who will try this action:

For Plaintiff:

Wes Dauphinot
Dauphinot Law Firm
900 West Abram
Arlington, Texas 76013
Texas Bar No. 00793584
wes@dauphinotlawfirm.com
(817) 462-0676 (Telephone)
(817) 704-4788 (Facsimile)

Hani F. Kobty
Kobty Law Firm, PLLC
900 West Abram
Arlington, Texas 76013
TX Bar No.  24087855
hani@kobtylawfirm.com
(817) 223-0989 (Telephone)
(817) 549-9325 (Facsimile)

Jerome O'Connell
Lilley and O'Connell, P.A.,
1020 S. Main,
Las Cruces, New Mexico 88005
Jerome@lilleyandoconnell.com
(575) 524-7809 telephone
(575) 526-2642 facsimile

For Defendant:                    **CARSON RYAN LLC**
                                  Joel M. Carson III
                                  Roswell, NM 88202
                                  575-291-7606
                                  joel@carsonryan.com

                                  and

                                  **HINKLE SHANOR, LLP**
                                  Richard E. Olson
                                  Chelsea R. Green
                                  P.O. Box 10
                                  Roswell, NM 88202
                                  575-622-6510
                                  rolson@hinklelawfirm.com
                                  cgreen@hinklelawfirm.com

## II.  JURISDICTION AND RELIEF SOUGHT

**A.**    **Subject Matter Jurisdiction**

**1.**     **Was this action removed or transferred from another forum? ___ Yes <u>X</u> No**

**2.**     **Is subject matter jurisdiction of this Court contested?**

___<u>X</u>___ **Uncontested** _____ Contested

Identify the party contesting subject matter jurisdiction and the basis for objection:

_____

3.      **Asserted basis for jurisdiction**

___**X**___ **Federal Question** _____ Diversity _____ Other

Statutory Provision(s) Invoked:  _____

B.      **Personal Jurisdiction and Venue**

1.      **Is personal jurisdiction contested?**

__**X**___ **Uncontested** _____ Contested

Identify the party contesting personal jurisdiction and the basis for objection:

_____

2.      **Is venue contested?**

_____ Uncontested _____**x**_____ **Contested**

Identify the party contesting venue and the basis for objection:

Plaintiff is contesting venue in Las Cruces.  Plaintiff is concerned that his witnesses, who no longer work for the company, will not make the 300 mile trip to Las Cruces even if they are subpoenaed.  Plaintiff would like to try this case in Roswell, New Mexico.  However, Plaintiff has recently become aware that Roswell may not be a functioning courthouse that is capable of conducting a trial.  Plaintiff's counsel is from Texas and has never been to the Roswell courthouse.  However, if this courthouse is capable of conducting a jury trial, Plaintiff has a heavy preference for Roswell.

Defendant does not contest venue. Venue is appropriate in the District of New Mexico.

The Court will hold the trial in Las Cruces, which is located within the district of New Mexico.  *See* 28 U.S.C. § 1391(b).

**C.**      **Are the proper parties before the Court?**

___**X**___ **Uncontested**          _____ Contested

If contested, identify each missing party or improper party and the basis for contention:

_____

**D.**      **Identify the affirmative relief sought in this action.**

1.  Plaintiff seeks: Damages for mental anguish in the past, mental anguish in the future, and punitive damages and attorney's fees.

2.  Defendant seeks: Defendant seeks a dismissal of Plaintiff's claim brought pursuant to 42 U.S.C. § 1981.   Defendant affirmatively states that Plaintiff is not entitled to compensatory or punitive damages. Defendant states that Plaintiff is not entitled to attorney's fees and that Defendant should recover its attorney's fees.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.**    **Plaintiff's claims:**     Plaintiff (who is an African American male) has filed this action pursuant to violations of 42 U.S.C. § 1981 which prohibits racial harassment and racial discrimination in work place. Plaintiff contends he was harassed on the basis of his race while an employee of Defendant, Mesa Well Servicing, LP. Plaintiff contends he was called the "n" word on a daily basis. Plaintiff contends that the details of his job were deliberately made more difficult because of his race and that he was ultimately fired because of his race.

**B.**    **Defendant's defenses:**   Defendant contends that it did not discriminate against or harass Plaintiff on the basis of his race.   Defendant contends that Plaintiff was not subjected to a hostile work environment because of his race or otherwise.   Defendant further contends that Plaintiff did

not complain or report to management about any racial discrimination or harassment. Defendant contends that it exercised reasonable care to prevent and correct the harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant. Defendant contends Plaintiff is not entitled to any damages because the work environment he complains about did not exist.

## IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.     Stipulated Factual Contentions**

The parties agree to the following facts listed separately below:

1.      Plaintiff was employed as a floor hand by Mesa Well Servicing, LP from May 16, 2013 – December 17, 2013.

2.      Plaintiff is an African American male.

**B.     Contested Material Facts**

1. Plaintiff's Contentions: Plaintiff contends he was called the "n" word repeatedly by co-workers and his supervisor.  Plaintiff contends he was deliberately injured through the use of company equipment by his supervisor for racial reasons in December of 2013. Plaintiff contends he was terminated by his supervisor in December of 2013 for racial reasons.

2. Defendant's Contentions: <u>Plaintiff never reported any racial harassment as required by company policy.</u> Plaintiff never reported any racial harassment to his supervisor or any other member of management at Mesa. Plaintiff was not subjected to racial harassment by any supervisor at Mesa. Plaintiff was not subjected to a racially hostile work

environment while working at Mesa. Plaintiff voluntarily resigned his employment for personal reasons and was not terminated for racial reasons. Plaintiff's alleged mental anguish, if any, was caused by the harassment he was exposed to at his prior employer.

## V.  APPLICABLE LAW

**A.**    **Do the parties agree which law controls the action?**

_____**X**_____ **Yes  (as indicated below)** _____ No (as indicated below)

**If yes, identify the applicable law:** The applicable law is 42 U.S.C. § 1981.

**If no, identify the dispute, and set forth each party's position regarding the applicable law.**

1. Plaintiff:

2. Defendant:

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law that are contested.**

1. Plaintiff:

(a)   First Legal Issue:  Plaintiff contends that the five elements of a racial harassment case should be asked in one Special Interrogatory.  Defendant contends that a Special Interrogatory should be asked for each element of Plaintiff's racial harassment case.  Plaintiff contends that this question has already been answered in the employment law context.  In 2009, the Fifth Circuit Pattern Jury Charge addressed hostile working environment claims as well as other discrimination claims.  The procedure the Fifth

Circuit uses is to explain the elements in the instructions, but to submit only one Special Interrogatory on the issue of whether the Plaintiff was discriminated against. (See §§ 11.4.1, 11.4.3, 11.5.2 & 11.5.3 Fifth Circuit Pattern Jury Charge (2009). This issue was not revisited, based on Plaintiff's review, in the Fifth Circuit Pattern Jury Charge (2014) It is Plaintiff's understanding that the Pattern Jury Charges only address legal issues that are currently in flux or that have changed. Since the format of asking the Special Interrogatories had not changed, the Fifth Circuit did not address this issue in 2014.

(b)   Second Legal Issue:   Plaintiff disputes that the Defendant is entitled to a negligence standard for liability.   Plaintiff contends that the standard is a vicarious liability for allowing the harassment is the proper standard because the harassment was perpetrated, in part, by a supervisor.   This issue presents itself in Defendant's challenge to Question No. 3 in Plaintiff's Proposed Special Verdict Form and Plaintiff's challenge to Question Nos. 6 & 7 in Defendant's Proposed Special Verdict Form.   This issue also presents itself in Defendant and Plaintiff's differing Jury Instructions on what standard the jury should use to find liability.   (See Plaintiff's Objections to Paragraph 6 of Defendant's Contested Jury Instructions)

(c)   Third Legal Issue:   Plaintiff disputes that the Defendant is entitled to a *Faragher/Ellerth* defense because the supervisor's racial harassment of the Plaintiff culminated in a tangible employment action (i.e., termination), thus negating the application of the *Faragher/Ellerth* Defense. This issue presents itself in Plaintiff's challenge to Question No. 8 in Defendant's Proposed Special Verdict Form as it

pre-supposes that the Plaintiff was not subjected to racial harassment by a supervisor that culminated in a tangible employment action. This issue also presents itself in Defendant and Plaintiff's differing Jury Instructions on what standard the jury should use to find liability. (See Plaintiff's Objections to Paragraph 7 of Defendant's Contested Jury Instructions)

(d)   Fourth Legal Issue:   Even without a tangible employment action, the Defendant does not meet the legal test for proving an entitlement to the *Faragher/Ellerth* defense. The Defendant (1) did not train its employees on employment discrimination, (2) its corporate representative was never trained on employment discrimination, and (3) employees are not required to report discrimination if it is observed in the workplace. At most, the Defendant can only point to a written policy against harassment in the workplace, but can point to no application, instruction or training of the employees on this policy.

(e)   Fifth Legal Issue:   The fifth legal issue concerns punitive damages. Though Plaintiff submitted Instructions from the Fifth Circuit Pattern Jury Charge, Plaintiff is willing to accept, without contest, the use of Judge Armijo's stock instructions as urged by the Defense. However, Plaintiff contests the Defendant's Contested Special Verdict Form Questions 10 & 11 on punitive damages. Plaintiff contends that Questions 6 & 7 from Plaintiff's Contested Special Verdict Form should be used because they tract the specific language of Fifth Circuit Pattern Jury Charge 11.14 (2014) which are punitive damage questions drafted specifically for employment discrimination cases.

2. Defendant:

a.  Whether Plaintiff was subjected to unwelcome harassment while working for Mesa.

b.  Whether any harassment was because of Plaintiff's race.

c.  Whether Plaintiff subjectively perceived the working environment to be abusive or hostile.

d.  Whether a reasonable person in the Plaintiff's circumstances would consider the working environment at Mesa to be abusive or hostile.

e.  Whether any harassment alleged by Plaintiff was sufficiently severe or pervasive so as to alter the terms of conditions of employment and create a racially hostile work environment.

f.  Whether Plaintiff reported the instances of discriminatory conduct of which he complains to a management level employee at Mesa.

g.  Whether Mesa had constructive knowledge of Plaintiff's complaints of racial discrimination.

h.  Whether Mesa exercised reasonable care to prevent and correct the harassing behavior and whether Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Mesa.

i.  Whether Plaintiff is entitled to an award of compensatory damages.

j.  Whether Plaintiff is entitled to an award of punitive damages.

k.  Whether Plaintiff is entitled to recover attorneys' fees.

l.  Whether Defendant is entitled to recover attorneys' fees.

## VII.  MOTIONS

**A.**   **Pending Motions:**

1. Plaintiff: None.

2.  Defendant: None.

**B.      Motions that may be filed:**

1.  Plaintiff: A motion to Transfer Venue to Roswell based on the reasons previously

provided.

2.  Defendant: None anticipated at the time of preparing this Pre-Trial Order.

## VIII.  DISCOVERY

**A.      Has discovery been completed?   ___X___ Yes _____ No**

**B.      Are there any discovery matters of which the Court should be aware?**

1.  Plaintiff: Plaintiff is unaware of any such discovery matters.

2.  Defendant: Defendant is unaware of any such discovery matters at this time.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition, and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.      Plaintiff's Witnesses:**

Plaintiff will call or have available at trial the following witnesses:

1.  **Robert Brijalba (will call by deposition if unavailable live) (possibly outside subpoena power)**
    Defendant's Corporate Representative on Discrimination Policy. Mr Brijalba is testifying by deposition about his knowledge of the company policy on discrimination in the workplace. The page and line designation is as follows:

| | | |
|---|---|---|
| a. | Page 3; | Lines 7-8, 10-25 |
| b. | Page 4; | Lines 1-15, 24-25 |
| c. | Page 5; | Lines 1-7 |
| d. | Page 16; | Lines 9-17 |
| e. | Page 17; | Lines 4-14, 25 |
| f. | Page 18; | Lines 1-16 |
| g. | Page 26; | Lines 20-25 |
| h. | Page 27; | Lines 1-25 |
| i. | Page 28; | Line 1-25 |
| j. | Page 29; | Lines 1-25 |
| k. | Page 30; | Lines 1-12, 19-25 |
| l. | Page 31; | Lines 1-2 |
| m. | Page 32; | Lines 1-4 |
| n. | Page 35; | Lines 1-4, 15-25 |
| o. | Page 36; | Lines 1-25 |
| p. | Page 37; | Lines 1-25 |
| q. | Page 38; | Lines 1-14, 17-19, 25 |
| r. | Page 39; | Lines 1-23 |
| s. | Page 41; | Lines 6-25 |
| t. | Page 42; | Lines 1-25 |
| u. | Page 43; | Lines 1-8, 11-15, 20-25 |
| v. | Page 44; | Lines 1-9, 15-25 |
| w. | Page 45; | Lines 1-10, 20-25 |
| x. | Page 46; | Lines 1-25 |
| y. | Page 47; | Lines 1-25 |
| z. | Page 48; | Lines 1-4, 7-25 |
| aa. | Page 50; | Lines 3-25 |
| bb. | Page 51; | Lines 1-2, 10-12, 23-25 |
| cc. | Page 52; | Lines 1-2, 24-25 |
| dd. | Page 53; | Lines 1-11, 16-25 |
| ee. | Page 54; | Lines 1-13 |

**2. Martin Rangel (will call live/possibly outside subpoena power)**
Worked with Plaintiff at Mesa Well Servicing, LP. Mr. Rangel witnessed how the Plaintiff was treated by his supervisors and co-workers while employed by Defendant.

**3. Kennethy Horn (will call live)**
Kennethy is the Plaintiff and will testify about everything that happened to him at Mesa.

**4. Miguel Anguiano (will call live/possibly outside subpoena power)**
Worked with Plaintiff at Mesa Well Servicing, LP. Miguel witnessed how the Plaintiff was treated by his supervisors and co-workers while employed by Defendant.

Plaintiff *may* call the following witnesses:

5. **Charles D. Yaws (may call live/possibly outside subpoena power)**
   Defendant's Operations Supervisor. This witness has knowledge company polices and communications with Plaintiff and what steps the company takes to remedy improper conduct if a complaint is received.

6. **Manuel Luevano (may call/possibly outside of subpoena power)**
   Rig Operator for Defendant. This one of Plaintiff's co-workers. This witness has knowledge of the crew working environment on rig. This witness also hit Plaintiff with the tongs on his last day of employment.

7. **Ignacio Benavides (may call live/possibly outside of subpoena power)**
   Former Supervisor for Defendant. This witness was a supervisor of Plaintiff and has knowledge of the harassing and discriminatory conduct Plaintiff was subject to at Mesa. Plaintiff also complained to this supervisor about the racial harassment and discrimination perpetrated against Plaintiff while employed at Mesa.

8. **Alejandro Ontiveros (may call live/possibly outside of subpoena power)**
   Rig Operator for Defendant. This witness was employed at the same time as Mr. Horn.

**B.    Defendant's Witnesses:**

Defendant will call or have available at trial the following witnesses to testify at trial in person:

1. **Ignacio Benavides.** Mr. Benavides was a rig supervisor who worked for Mesa Well Servicing, LP at the time of Plaintiff's employment. Mr. Benavides is expected to testify about his communications and interactions with Plaintiff. Mr. Benavides has knowledge refuting Plaintiff's allegation that he made complaints to management and refuting the general allegations of racial harassment and discrimination in Plaintiff's Complaint. Mr. Benavides also has knowledge regarding the circumstances of Plaintiff's departure from the company. Mr. Benavides is expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

2. **Robert Brijalba**. Mr. Brijalba is a safety manager for Mesa Well Servicing, LP and also worked there during Plaintiff's employment at Mesa. Mr. Brijalba is expected to testify regarding Mesa's safety and anti-discrimination/harassment policies.  Mr. Brijalha is also expected to testify about the training employees receive regarding these policies.  Mr. Brijalba has knowledge of effective steps taken by the company to remedy improper conduct when a complaint was received. Mr. Brijalba is further expected to testify that

Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

3. **Alejandro Ontiveros**. Mr. Ontiveros is a Rig Operator with Mesa Well Servicing, LP. Mr. Ontiveros worked at Mesa at the same time as Plaintiff.  Mr. Ontiveros is expected to testify about his communications and interactions with Plaintiff. Mr. Ontiveros also has knowledge of company policies.  Mr. Ontiveros is expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

4. **Armando Mendoza.** Mr. Mendoza is a Rig Supervisor with Mesa Well Servicing, LP. Mr. Mendoza previously worked in the safety department for Mesa.  Mr. Mendoza is expected to testify about his communications and interactions with Plaintiff. Mr. Mendoza has knowledge of Mesa's company policies, including Mesa's safety and anti-discrimination/harassment policies. Mr. Mendoza also has knowledge of effective steps taken by the company to remedy improper conduct when a complaint was received. Mr. Mendoza is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

5. **Chuck Yaws.** Mr. Yaws is an Operations Supervisor with Mesa Well Servicing, LP. Mr. Yaws was a manager over the area in which Plaintiff worked. Mr. Yaws is expected to testify about his communications and interactions with Plaintiff. Mr. Yaws also has knowledge regarding company policies and knowledge of effective steps taken by the company to remedy improper conduct when a complaint was received. Mr. Yaws is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

6. **Manuel Luevano.** Mr. Luevano is a rig operator for Mesa Well Servicing, LP and also worked there during Plaintiff's employment. Mr. Luevano is expected to testify about his communications and interactions with Plaintiff. Mr. Luevano also has knowledge regarding company policies. Mr. Luevano is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

7. **Buddy Hicks**. Mr. Hicks is the President of Mesa Well Servicing, LP and is expected to testify about company policies and communications with Plaintiff and other employees.

Mr. Hicks also has knowledge regarding the circumstances of Plaintiff's departure from the company and other matters raised in Plaintiff's Complaint. Mr. Hicks is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

Defendant may call the following witnesses to testify at trial in person:

8. **Wayne Widman**. Mr. Widman was a rig supervisor who worked for Mesa Well Servicing, LP at the time of Plaintiff's employment. Mr. Widman is expected to testify regarding company policies and communications with Plaintiff and other employees. Mr. Widman also has knowledge regarding Plaintiff's allegation that he made complaints to management and regarding the general allegations of racial harassment and discrimination in Plaintiff's Complaint. Mr. Widman is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

9. **Darren Holley.** Mr. Holley was a Safety Representative for Mesa Well Servicing, LP, who worked there at the time of Plaintiff's employment. He is expected to testify about his interactions and communications with Plaintiff. Mr. Holley has knowledge of Mesa's safety and anti-harassment policies.  Mr. Holley is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

10. **Corey Gossett.** Mr. Gossett was a former Safety Manager for Mesa Well Servicing, LP. He is expected to testify about his interactions and communications with Plaintiff. Mr. Gossett has knowledge of Mesa's safety and anti-harassment policies.  Mr. Gossett is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

11. **Lawrence Prieto**. Mr. Prieto was a Rig Supervisor with Mesa Well Servicing, LP. Mr. Prieto is expected to testify regarding company policies and communications with Plaintiff and other employees. Mr. Prieto also has knowledge of effective steps taken by the company to remedy improper conduct when a complaint was received. Mr. Prieto is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial

discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

12. **James Bowen**. Mr. Bowen was a Rig Supervisor with Mesa Well Servicing, LP and was Plaintiff's primary field supervisor. Mr. Bowen is expected to testify regarding company policies and communications with Plaintiff and other employees. Mr. Bowen also has knowledge of effective steps taken by the company to remedy improper conduct when a complaint was received. Mr. Bowen is further expected to testify that Plaintiff never reported any incidents of racial discrimination/harassment to him, that he did not witness any incidents of racial discrimination/harassment against Plaintiff and that he did not engage in any incidents of racial discrimination/harassment against Plaintiff.

## X.  TRIAL PREPARATION

**A.     Pretrial Motions Hearing**

No pretrial motions hearing was held in this case.

**B.     Pretrial Conference**

A Pretrial Conference was held on **October 31, 2016 at 9 a.m. in the Organ Courtroom,**

**United States Courthouse, 100 N. Church Street, Las Cruces, New Mexico**.

| Item | Description |
|---|---|
| **Exhibits** | The Court has admitted into evidence:<br>Plaintiff's Exhibits 1–12.  [Doc. 107].<br>Defendant's Exhibits E, F, and H.  [Doc. 91]. |
| **Exhibit Binders** | All exhibits have been marked, and each side has delivered to chambers two identical copies of its exhibit binder.  Plaintiff's exhibits have been identified with numbers, and Defendant's have been identified with letters (e.g., A, B, C, . . . AA, AB, AC).  <u>The identification number or letter will remain the same whether the exhibit is admitted or not.</u>  Charts, plats, diagrams, etc., will be marked and ready as to measurements, landmarks, and other identifying factual material before trial. |
| **Joint Statement of the Case** | The Court has incorporated the parties Joint Statement of the Case [Doc. 88] into the proposed jury instructions. |

| | |
|---|---|
| **Witness List & Designation of Deposition Testimony** | The parties have filed their witness lists on the record. [Docs. 90, 99]. Witnesses must be called in the order in which they are listed. Plaintiff's objections to certain individuals on Defendant's Witness List have been overruled. [Doc. 110] at 3.<br><br>The parties have also filed designations of deposition testimony that they intend to use at trial. [Doc. 98]. Defendant's objections to Plaintiff's designation of deposition testimony by Robert Brijalba have been sustained in part and overruled in part. [Doc. 110] at 3–4. The Court sustaied Defendant's objections as to the following lines from the deposition of Mr. Brijalba:<br>Page 16, Lines 9–17;[1]<br>Page 30, Line 19 to Page 31, Line 2;[2]<br>Page 41, Lines 10–19;<br>Page 42, Lines 1–8;<br>Page 47, Line 25 to Page 48, Line 25;[3]<br>Page 50, Line 19 to Page 51, Line 2;[4]<br>Page 51, Lines 10–25;<br>Page 52, Lines 10–12; and<br>Page 53, Lines 4–11.<br><br>The Court overruled Defendant's objections as to the following lines from the deposition of Mr. Brijalba:<br>Page 32, Lines 1–4;<br>Page 37, Line 1 to Page 39, Line 25; and<br>Page 53, Line 16 to Page 54, Line 13. |
| **Proposed Verdict Form** | The proposed verdict forms have been filed on the record. [Docs. 94, 97]. |
| **Proposed Jury Instructions** | The proposed jury instructions and objections have been filed, and the Court has heard oral argument. [Docs. 92, 100, 101, 105]. The Court's rulings will be incorporated into its proposed set of jury instructions, which is forthcoming. |
| **Proposed Voir Dire Questions** | The parties have filed their Proposed Voir Dire Questions and objections. [Docs. 93, 96, 101]. The Court's ruling is forthcoming. |

---

[1] If the information contained in these lines becomes relevant based on testimony given at trial, the Court may allow the lines to come in. If it does so, the Court may also include Lines 18–22 of Page 16.
[2] At the pretrial conference, Plaintiff waived his designation of these lines.
[3] Plaintiff will be permitted to question Mr. Brijalba on this matter and may impeach Mr. Brijalba if he testifies differently at trial.
[4] Plaintiff will be permitted to question Mr. Brijalba on this matter at trial.

**C.**      **Trial Briefs**

The parties are encouraged, but not required, to submit trial briefs outlining basic legal theories, anticipated evidence in support of the theories, and the legal basis of any anticipated evidentiary disputes.  The briefs are due **November 25, 2016.**


## XI. OTHER MATTERS

**A.**      **Settlement Possibilities**

1.      The possibility of settlement in this case is considered:

__**X**__ **Poor**      _____ Fair _____ Good _____ Excellent      ___ Unknown

2.      Do the parties have a settlement conference set with the assigned Magistrate Judge or another mediator?

_____ Yes   __**X**_____ **No** If yes, when? _____

If a settlement conference has already been held, indicate approximate date:

_____

Would a follow-up settlement conference be beneficial?      _____ Yes   _____ No

3.      Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify:  __The Plaintiff is willing to attend mediation_____

If no, explain why not: ___Defendant does not believe mediation would be productive at this time._____

**B.**      **Length of Trial and Trial Setting**

1.      This action is set for a _____ Bench Trial   ____**X**___ **Jury Trial**_____ Both

2.      The case is set for trial on **December 5, 2016**.

3.      The estimated length of trial is **5 day(s).**

**C.      Decorum and Courtroom Management**

1.      Trial will begin at 9:00 a.m. and recess no later than 5:00 p.m.

2.      Witnesses are to be on time.  The court will not delay the trial for purposes of locating witnesses.

3.      Counsel should always have witnesses available to fill a full trial day (i.e., 9:00 a.m. to 5:00 p.m.).

4.      Stand when you speak.  Do not refer to any party or attorney by a first name.  Always use surnames.  Do not argue with opposing counsel in the presence of the jury.

5.      In opening statement, present a concise summary of the facts. Do not argue the facts or discuss law.  Do not describe in detail what particular witnesses will say.  The time for opening statement will be limited.

6.      When you object in the presence of the jury, make it short and to the point.  No speaking objections.  Do not argue the ruling in the presence of the jury.

7.      Stand a respectful distance from the jury at all times.

8.      In final argument, you may paraphrase an instruction but do not quote extensively from any instruction.  Do not tell the jurors they can have the exhibits or instructions.

9.      Parties should notify Information Systems Help Desk at 505-348-2110 at least <u>five days</u> in advance of trial if they plan to use audio-visual or other courtroom technology during trial.  Parties are responsible for operating this equipment during trial.  Parties should be prepared to proceed without the equipment in the event it breaks or otherwise becomes unavailable.  Trial time will not be utilized for resolving technology issues.

10.     **Counsel must seek leave of the Court in the form of a written motion to extend any pretrial deadline**.

## XII. EXCEPTIONS

1. Plaintiff: none

2. Defendant: none

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order, when entered by the Court, will control the course of trial and may only be amended by the Court sua sponte or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.


                                      _____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**