**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**KENNETHY HORN,**

      **Plaintiff,**

**v.**                                           **No. 15-cv-0329 SMV/CG**

**MESA WELL SERVICING, L.P.,**

      **Defendant.**

## <u>COURT'S FIRST PROPOSED JURY INSTRUCTIONS</u>

THIS MATTER is before the Court on the parties' Stipulated Proposed Jury Instructions [Doc. 89], Plaintiff's Contested Proposed Jury Instructions [Doc. 100], Defendant's Proposed Jury Instructions [Doc. 92], and the parties' Joint Statement of the Case [Doc. 88], all filed on October 11, 2016, and on each side's objections to the other's proposed instructions [Docs. 101, 105], filed on October 17, 2016.  The Court heard oral argument regarding jury instructions at the pretrial conference on October 31, 2016.  *See* [Doc. 109].  After carefully considering all of the parties' submission, arguments, and the relevant law and being otherwise fully advised in the premises, the Court (1) proposes to utilize the jury instructions contained herein, and (2) denies Defendant's request to exclude an instruction on punitive damages as a sanction for past conduct, *see* [Doc. 105] at 3.  Objections may be filed no later than **November 15, 2016**.

VOIR DIRE ORIENTATION STATEMENT BY THE COURT

Good morning.  I'd like to thank you for coming to court this morning.  I'm Judge Vidmar, and I will be presiding over this trial.  The Constitution guarantees a right to a jury trial in matters of law.  Our justice system depends on the willingness of our citizens to serve as jurors, and we appreciate your service.  Most of you will never serve in the other branches of government, but this will give you the chance to serve as judges, for you will be judges of the facts.  Hopefully this will be an educational and interesting experience for you.

As I said, I am the trial judge, and it is my job to keep this case moving smoothly and to rule on evidentiary issues.  This is _____, the court reporter who will record these proceedings.  This is Rebecca Helmick, my courtroom deputy; she will keep track of the exhibits that are admitted and will attend to your needs.  My law clerks, Annie Mason and Sarah Goetz, will also assist me.

I am going to ask you a series of questions, and then the lawyers may wish to ask you a few questions.  The purpose of jury selection is to enable the Court and the attorneys to match jurors with the case for which they are best suited.  As we go through life, we all have different experiences, and those often shape our opinions.  Everyone develops likes and dislikes, and we are all prejudiced or biased about something.  Some jurors would be well suited for a particular case, others may have some relationship or life experience that would make it more difficult for that juror to sit as a juror on that case.  This does not mean that you are a bad person or an unqualified juror, only that you may be better suited to be a juror on a different case.

2

Jury selection is an important part of this trial and I encourage you to freely discuss your attitudes, opinions, and ideas that relate to your ability to hear the issues in this case.  If you have an answer to any question, please raise your hand and I will recognize you.  If your answer concerns a private matter or one that you do not wish to discuss in front of the full jury panel, let me know and you may come up to the bench with counsel and give me your answer.  This is your chance to talk, so if you have an opinion or a belief on an issue in this case, we would like to hear about that.

I will begin by giving you a brief overview of what this case is about.

JOINT STATEMENT OF THE CASE

Plaintiff Kennethy Horn was employed by Defendant Mesa Well Servicing from May 16, 2013, to December 17, 2013.  Mr. Horn alleges he was discriminated against and harassed on the basis of his race.  He seeks damages against Mesa for the racially hostile and discriminatory work environment he claims he was subjected to.  Mr. Horn is seeking damages for past and future mental anguish, as well as punitive damages.

Mesa denies that it discriminated against or harassed Mr. Horn on the basis of his race. Mesa denies that Mr. Horn was subjected to a hostile work environment at Mesa because of his race or otherwise.  Mesa further contends that Mr. Horn did not complain or report to management about any racial discrimination or harassment.  Mesa contends Mr. Horn is not entitled to any damages because the work environment he complains about did not exist.

OATH TO VENIRE ON VOIR DIRE

Do each of you solemnly swear or affirm that you will honestly answer any and all questions asked you by the Court or by the lawyers about your qualifications to serve as a juror in this case?

VOIR DIRE QUESTIONING BY THE COURT

1.      Do you have any personal knowledge of this case?  If yes, please explain.

2.      Have you read about this case or otherwise heard it discussed?  If yes, please explain.

3.      Do you have an opinion about information you have heard or read about this case?  If yes, please explain.

4.      Does anyone on the panel know, or have any of you or your close friends or relatives had any dealings with, Plaintiff Kennethy Horn, his relatives, or associates?  If yes, please explain.

5.      The lawyers representing Plaintiff in this case are Wes Dauphinot of the Dauphinot Law Firm in Arlington, Texas; Hani Kobty of the Kobty Law Firm in Arlington, Texas; and Jerome O'Connell of Lilley & O'Connell, here in Las Cruces.  Do any of you know Mr. Dauphinot, Mr. Kobty, or Mr. O'Connell?  Have any of you had dealings with their law firms?  If yes, please explain.

6.      The lawyers representing Defendant in this case are Joel M. Carson, III, of Carson Ryan, in Roswell, New Mexico; and Richard Olson and Chelsea Green of Hinkle Shanor in Roswell, New Mexico.  Do any of you know Mr. Carson, Mr. Olson, or Ms. Green?  Have any of you had dealings with their law firms?  If yes, please explain.

7.      Have any of you, a member of your family, or a close friend ever had any dealings with Defendant Mesa Well Servicing?  If yes, please explain.

6

8.      Have you ever sat on a jury that failed to reach a verdict?

9.      This trial may last up to five days.  Is there any reason why such a length of trial would prevent you from giving your full and fair considerations to both parties?

10.      In this case, you are to decide the liability of only one defendant.  Curiosity is natural, and you may be tempted to speculate about the potential liability of others mentioned during this lawsuit or question someone's absence.  You are only to decide the issues before you based on the evidence presented.  Can you assure the Court and the parties that you can do that?

11.      Those of you who have sat on criminal cases or watch television have heard of proof beyond a reasonable doubt.  That is the standard of proof that is used in criminal cases.  That is not the standard of proof that is to be used here because this is a civil case, not a criminal case.  Rather, Plaintiff has the burden of proving his case against Defendant by what is called a "preponderance of the evidence."  This means that, to prevail, Mr. Horn must show that his claims are more likely true than not true.  Is there anyone who would require Mr. Horn to prove his claims by a higher standard than preponderance of the evidence?

12.      This case is very important to both Mr. Horn and to Mesa Well Servicing.  Both Mr. Horn and Mesa have a right to a fair trial.  Is there any reason you feel you cannot give both sides your full and fair consideration?

The lawyers for the parties are now going to ask you some questions.  The lawyers for Plaintiff will go first.

7

OATH TO EMPANELED JURY

Do each of you solemnly swear or affirm that you will render a true verdict according to the law and evidence submitted?

PRELIMINARY INSTRUCTIONS
*[after jurors are selected and sworn]*

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you during this trial.

You are the judges of the facts.  It will be your duty to find from the evidence what the facts are.  You will then apply the law to the facts.  I will instruct you on the applicable law later.  You must follow that law whether you agree with it or not.

Nothing that I say or do is intended to indicate what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received as exhibits, and any facts that the lawyers agree to, or that I instruct you to find.

Certain things are not evidence and must not be considered by you.

1.	Statements, arguments, and questions by lawyers are not evidence.

2.	Objections to questions are not evidence.  Lawyers have an obligation to their clients to object when they believe evidence being offered is improper under the Rules of Evidence.  You should not be influenced by the objection or by my ruling on it.  If the objection is sustained, ignore the question.  If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

9

3.      Testimony that I have excluded or tell you to disregard is not evidence and must not be considered.

4.      Anything that you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in court.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  When determining the weight to be given to the testimony of a witness, you may consider his interest, if any, in the outcome of the case; his relationship to the parties; his manner while testifying; any bias or prejudice the witness may have; and whether the testimony of the witness was impeached by prior statements he made or by other evidence.

This is a civil case.  Plaintiff has the burden of proving his case by a preponderance of the evidence.  This means that Plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that Plaintiff's claims are more likely true than not true.

During trial it may be necessary for me to talk with the lawyers out of the hearing of the Jury, either by having a bench conference here while the Jury is present in the courtroom, or by calling a recess.  The purpose of these conferences is to decide how certain evidence is to be treated under the Rules of Evidence and to avoid confusion and error.

During this trial and until you have rendered a verdict, do not discuss this case with anyone or permit anyone to discuss it with you or in your presence.  This rule about not

10

discussing the case includes discussions even with members of your family or friends.  This rule also includes electronic communication.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, Snapchat, Instagram, and YouTube.  If any person attempts to talk to you or communicate with you about this case, either in or out of the courthouse, you should immediately report that attempt to me.  The attorneys and parties are not supposed to talk to jurors, even to say "hello."  So, if you happen to see them outside the courtroom, they will not speak to you.  Please do not be offended by this.  They will only be acting in accordance with my instructions.

Until you retire at the end of the case to begin your deliberations, do not talk about this case with each other.

You may not consider anything you may have read or heard about this case outside the courtroom.  During trial, you must avoid news accounts about this case, whether it is on television, the radio, or the internet, or is in the newspaper.  If you happen to see or hear any news about this trial, please let a member of my staff know.

Please do not attempt any tests, research, or experiments, and do not visit any location involved in this case.  It would be difficult or impossible to duplicate conditions shown by the evidence; therefore, your results would not be reliable.  Such conduct would also run contrary to the rule that your verdict must be based solely on the evidence presented to you in court.  You

11

also must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Nevertheless, in your deliberations, you need not ignore your backgrounds, including professional, vocational, and educational experience.

Please keep an open mind until the entire case has been completed and submitted to you. Your special responsibility as jurors requires that throughout this trial you exercise your judgment impartially and without regard to any sympathy, bias, or prejudice.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties because they have the right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury. We are relying on you to conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country, and you will have done an injustice. It is very important that you abide by these rules.

12

If you wish, you may take notes.  Pencils and tablets have been provided for you.  If you take notes, please leave them in the jury room when you leave at night.  The notes are for your own personal use—they are not to be read or given to anyone else before or during deliberations.  Even though the court reporter is making a record of these proceedings, a copy of the transcript will not be available for your use during deliberations.  The exhibits will be available to you during your deliberations.

Ordinarily the lawyers will develop all relevant evidence necessary for you to reach your verdict.  In rare situations, a juror may believe that a question is critical to reaching a decision on a necessary element of the case.  In that situation, you may write out a question and provide it to the courtroom deputy before the witness leaves the witness stand.  I will review the question with the lawyers and will determine whether it is a proper and necessary question.  If it is, I will ask it.  Please understand that the Rules of Evidence may prevent the question from being asked.

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Plaintiff will present his witnesses and exhibits.  Then, Defendant will present its witnesses and exhibits.  Each side may cross-examine witnesses presented by the other side.

After that, I will give you instructions on the law, and the lawyers will make their closing arguments to summarize and interpret the evidence for you.

INSTRUCTION NO. 1
*FIRST RECESS*

We are about to take our first break in this trial.   Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors.   If anyone approaches you and tries to talk to you about the case, advise a member of my staff about it immediately.   Do not read or listen to any news reports of the trial or use any technology tools to do independent research.  Remember to keep an open mind until all the evidence has been received.  Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

14

INSTRUCTION NO. 2
*OPENING – PROVINCE OF THE COURT*

Members of the Jury:

You have now heard all of the evidence in this case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.  Copies of these instructions will be provided to you in binders, which you may take with you into the jury room when you deliberate.

In any jury trial there are, in effect, two judges.  I am one of the judges.  It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. 3
*JUDGES OF THE FACTS*

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

INSTRUCTION NO. 4
*EQUAL STANDING*

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Defendant is a limited partnership.  Limited partnerships and all other persons are equal before the law and must be treated as equals in a court of justice.

INSTRUCTION NO. 5
*STATEMENT OF THEORY FOR RECOVERY/*
*STATEMENT OF DENIAL*

In this civil action, Plaintiff Kennethy Horn has made a claim and seeks compensation from Defendant Mesa Well Servicing, L.P. ("Mesa") under the Federal Civil Rights statute that prohibits discrimination against an employee because of the person's race.  Specifically, Mr. Horn claims that Mesa discriminated against him on the basis of his race, African American, and maintains that he was forced to work in a hostile work environment.

Mesa denies that Mr. Horn was discriminated against or was subjected to a hostile work environment.

18

INSTRUCTION NO. 6
*BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE*

It is a general rule in civil cases that a Plaintiff must prove every essential part of his claims by a preponderance of the evidence.   To prove by a preponderance of the evidence means to establish that something is more likely true than not true.  When I say in these instructions that Plaintiff has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true.  Evenly balanced evidence is not sufficient.

INSTRUCTION NO. 7
*WITNESS INTERVIEWED BY ATTORNEY*
*[given as necessary]*

An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give.  The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony.

INSTRUCTION NO. 8
*DEPOSITION TESTIMONY*

Certain testimony was presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been read to you today.  This deposition testimony is entitled to the same consideration and to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

INSTRUCTION NO. 9
*INTERROGATORIES*

Interrogatories are written questions asked by one party to another before trial and answered under oath.  The questions and answers may be read at trial as evidence.  The answers read to you are testimony under oath and are entitled to the same consideration as any other testimony.

INSTRUCTION NO. 10
*EVIDENCE*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

INSTRUCTION NO. 11
*WITNESSES*

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  In weighing the testimony of a witness you should consider the witness's relationship to Plaintiff or to Defendant; the witness's interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness's present testimony.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

24

INSTRUCTION NO. 12
*IMPEACHMENT*

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, that are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

SUBSTANTIVE INSTRUCTIONS ON PLAINTIFF'S CLAIMS
*[To be addressed after the close of evidence]*

INSTRUCTION NO. 13
*DETERMINE LIABILITY BEFORE DAMAGES*

If you find for Plaintiff on his claim, you must then decide the issue of Plaintiff's damages.

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the Court thinks damages should or should not be awarded.

27

INSTRUCTION NO. 14
*COMPENSATORY DAMAGES*

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages.   These damages are called compensatory damages.   The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate him for the damage he has suffered.  If Plaintiff wins, he is entitled to compensatory damages for the mental anguish that he has suffered because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct.  The damages you award must be fair compensation for all of Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

28

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence.

INSTRUCTION NO. 15
*EMOTIONAL DISTRESS*

You may award damages for any mental anguish that Plaintiff experienced in the past, or may experience in the future, as a result of the racial harassment he was subjected to at Mesa Well Servicing.  No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make must be fair in the light of the evidence.

INSTRUCTION NO. 16
*FUTURE DAMAGES*

If you have found that Plaintiff is entitled to damages arising in the future, you must determine the amount of such damages.  If these damages are of a continuing nature, you may consider how long they will continue.

INSTRUCTION NO. 17
*CLOSING ARGUMENTS*

After these instructions on the law governing the case, the lawyers may make closing arguments on the evidence and the law.  These summaries can be of considerable assistance to you in arriving at your decision, and you should listen carefully.  You may give them such weight as you think proper.  However, neither these closing arguments nor any other remarks made by the attorneys during the course of the trial are to be considered by you as evidence or as a correct statement of the law, if contrary to the law given in these instructions.

INSTRUCTION NO. 18
*DUTY TO DELIBERATE; NOTES*
*[given after closing arguments]*

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of these instructions, the exhibits that I have admitted into evidence, and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form

33

and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write a note and give it to my courtroom deputy, Ms. Helmick. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


DATED this _____ day of December, 2016.


_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

34